UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| MR. APPLIANCE LLC, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case Number: 6:20-cv-1077 |
| JMG ASSOCIATES, INC. AND MATTHEW POLLARD | § § § | |
| *Defendants*. | § § § | |

## PLAINTIFF'S INITIAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Mr. Appliance LLC ("Plaintiff," "MRA," or "Mr. Appliance")[1] brings this action for preliminary and permanent injunctive relief, and damages, against its former franchisees JMG Associates, Inc., Matthew Pollard ("Defendants" or "Franchisee") based on the below violations of state and federal law.

## INTRODUCTION

1. Since 1996, Plaintiff Mr. Appliance LLC has been a franchisor of independently owned and operated companies that perform and provides services on appliances for residential and commercial customers. There are 290 franchisees in the United States and Canada. Mr. Appliance LLC is a subsidiary of Dwyer Franchising LLC.

2. Mr. Appliance provides its franchisees with proven business systems, along with certain rights to use Mr. Appliance's intellectual property, all in connection with the operation of the licensed franchises. In return, Mr. Appliance asks that franchisees operate their franchise business in

---

[1] Mr. Appliance Corp. is the predecessor company to Mr. Appliance LLC.

accordance with Mr. Appliance standards, that they not affiliate with any unauthorized competing business, and that they otherwise live up to the terms of their franchise agreement.

3. The Mr. Appliance franchise system is based, in large part, on its strong reputation for offering a high level of customer service in accordance with its franchise system and code of values which were developed and improved since 1996. Its system and code of values emphasize respect, integrity, customer focus, and a commitment to fair and transparent pricing. In an industry often plagued by stress and confusion, Mr. Appliance's reputation for offering a high and consistent level of customer service, quality, and value has allowed franchisees to stand above competitors and obtain extraordinary success.

4. Defendants have enjoyed the fruits of Mr. Appliance's reputation and success. JMG Associates, Inc. and Matthew Pollard entered into agreements with Mr. Appliance. Pursuant to these agreements, and in exchange for the benefits of affiliation with Mr. Appliance and for obtaining its proven systems, Defendants agreed to (*inter alia*) respect and protect Mr. Appliance's trademarks and other proprietary materials and not to unfairly compete with Mr. Appliance by affiliating with any other competing business. Despite these obligations and agreements, Defendants breached the same, causing Mr. Appliance to terminate Defendants' franchise. Thereafter, in further violation of their agreements, Defendants continued to use Mr. Appliance's trademarks even though they had no legal justification to do so. Moreover, Defendants competed with Mr. Appliance through another business in violation of the parties' non-competition agreement.

5. Despite Defendants' contractual and other legal obligations to safeguard Mr. Appliance's brand and reputation and not to compete with it, on information and belief, the defendants have secretly controlled and profited from a competing business. Defendants have secretly and unlawfully diverted business from Mr. Appliance to this competing business, passing off those services as Mr. Appliance's, and unfairly profiting from Mr. Appliance's systems and reputation. The

foregoing allegations are specifically identified by Plaintiff under FRCP 11 (b)(3), as likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery in this case.

6. Defendants' actions are harmful to consumers and threaten irreparable harm to Mr. Appliance's reputation and the goodwill apparent to its trademarks. Mr. Appliance therefore brings this action to seek preliminary and permanent injunctive relief against Defendants, ending Defendants' wrongful affiliation with Mr. Appliance and awarding Mr. Appliance damages and other appropriate relief.

## **PARTIES**

7. Plaintiff Mr. Appliance LLC is a franchisor of independently owned and operated companies that install and repair appliances. It is a Texas limited liability company with its principal place of business in this county.

8. Defendant JMG Associates, Inc. may be served with process by its registered agent, Joseph M. Raad at 38 Providence Road, Sutton, MA 01590.

9. Defendant Matthew Pollard may be served at his residence at 31 Douglas Road, Sutton, MA 01590, or at 63 Cottage Street, Whitinsville, MA 01588-1454, or wherever he may be found.

## **JURISDICTION & VENUE**

10. The Court has jurisdiction over the subject matter of this action because the amount in controversy exceeds the minimum required to invoke the jurisdiction of this Court, and because this Court has the power to grant the monetary and non-monetary relief requested by Plaintiff.

11. This action arises under, *inter alia*, the federal Lanham Act, 15 U.S.C. 1051 *et seq*. Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims

pursuant to 28 U.S.C. § 1367(a). Alternatively, jurisdiction is founded on diversity of citizenship and amount. Plaintiff is a limited liability company formed under Texas law with its principal place of business in Texas. Defendants are Massachusetts citizens. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial number of events giving rise to the claims asserted in the Complaint occurred in this District and have caused Mr. Appliance harm in this District. Mr. Appliance and the Defendants entered into agreements in this district wherein they agree to venue in this District. The Defendants agreed to this forum as the exclusive venue to resolve disputes in Section 13.3 of the Franchise Agreement, attached as Exhibit A.[2] See also Confidentiality Agreement, § 6.

13. Defendants are subject to personal jurisdiction in the District and Division to which this action has been assigned. Defendants purposefully availed themselves in Texas by signing the contract which is the subject of dispute in Waco, Texas, traveling to Waco for franchisee training and sending money to Texas to pay license fees. Defendants also have such other contacts with Texas so as to render the exercise of jurisdiction over them by a Texas federal court consistent with traditional notions of fair play and substantial justice.

## FACTS COMMON TO ALL CLAIMS

14. Over the years, the Mr. Appliance brand has developed valuable goodwill, including a strong and well-known reputation for quality, value and reliability, brand recognition and a loyal customer base. Franchisees, like Defendants, benefit not only from Mr. Appliance's brand recognition, trademarks, and goodwill, but from a well-established and proven business model. As a result, Mr. Appliance franchisees, including Defendants, are spared the inherent risks and costs of a

---

[2] The Amendments to the Franchise Agreements to add zip codes to the territory are also attached in Exhibit A.

**Plaintiff's Initial Complaint**  Page **4** of **16**

typical start-up business, and are provided immediate name recognition and access to resources, systems, and support that help them attain success.

15. Additionally, Mr. Appliance offers its franchisees access to, and use of, a number of valuable and proprietary resources, systems, databases, programs, and materials, all of which combine to make up the Mr. Appliance System.

16. On March 31, 2011, Defendant Matthew Pollard entered into a ten-year long franchise agreement with Plaintiff. See Franchise Agreement attached as Exhibit A. On June 20, 2011, the Franchise Agreement was assigned to JMG Associates, Inc., while keeping Pollard as guarantor. See Assignment attached as Exhibit B. In this assignment, JMG agreed to satisfy all provisions of the Franchise Agreement, assume the operation of the Franchise the same as if originally a Franchisee, pay any incurred obligations, and carry out any contracts entered into by Franchisee in connection with the Agreement and the Franchise. Matthew Pollard individually signed the assignment as a Guarantor, guaranteeing the prompt and complete performance of all terms contained in the Agreement and the timely payment by JMG of any and all debts or other amounts owing at any time to MRA pursuant to the terms of the Franchise Agreement in addition to payment of all costs, damages, or expenses that MRA may be entitled to under the agreement.

17. The Franchise Agreement acknowledges that Plaintiff shared confidential information with Defendants as a result of the franchise relationship. See Section 9.1-9.2 of Exhibit A. That information was to remain secret. *Id.* Defendants acknowledged that the system and its customers are trade secrets of the Plaintiff. *Id.* Section 9 of the franchise agreement prohibited Defendants from engaging in a competitive business in the territory serviced for Plaintiff. It also prohibited interference with the business relationships of the Plaintiff, its franchisees and diverting business.

18. Also, as a result of the Franchise Agreement, Defendants had a limited license to use the following trademarks, among others, in the franchised business.

| Mark | Registration No. Filing Date | Class/Description | |
|---|---|---|---|
| MR. APPLIANCE | 2176306 Jul 28, 1998 | 37 | Installation, repair and refurbishment of all types of appliances. |
| MR. APPLIANCE EXPERT APPLIANCE REPAIR (and design) | 2156331 May 12, 1998 | 37 | Installation, repair and refurbishment of all types of appliances. |
| MR. APPLIANCE EXPERT APPLIANCE REPAIR (and van wrap design) | 3508434 Sep 30, 2008 | 37 | Installation, repair and refurbishment of all types of appliances. |
| **MR. SWIFTY Design** | 3243397 May 22, 2007 | 37 | Installation, repair and refurbishment of all types of appliances. |
| **VAN STRIPE DESIGN** | 2303149 Dec 28, 1999 | 37 | Installation, repair and refurbishment of all types of appliances. |

19. In approximately August 2019, Defendants began failing to comply with the Franchise Agreement. By March 2020, they owed Mr. Appliance in excess of $50,000 based on their contractual obligations. Mr. Appliance attempted to work with Defendants on multiple occasions to help them come back into compliance with the Franchise Agreement to no avail. On March 5, 2020, Mr. Appliance sent Defendants a Notice of Default and Intent to Terminate Franchise Agreement, giving Defendants one final opportunity to come back into compliance with the Franchise Agreement. Defendants refused to comply. This left Mr. Appliance with no option except to send Defendants a

Final Termination of Franchise Agreement on July 31, 2020. In the Final Termination letter, Mr. Appliance reminded Defendants both of their post-termination obligations under the Franchise Agreement – including the Covenant Not to Compete – as well as the amounts owed to Mr. Appliance as a result of Defendants' breaches of the Franchise Agreement (an amount in excess of $100,000).

20. After termination as a franchisee, Defendants no longer had a license to use the Mr. Appliance trademarks above. However, Mr. Appliance has discovered that Defendants have misappropriated Mr. Appliance trademarks post-termination of the Franchise Agreement and are still currently doing so. In short, Defendants are actively operating as a Mr. Appliance franchisee without authorization.

21. Post-termination, Mr. Appliance has received multiple complaints from customers being served by Defendants despite the fact that Defendants are no longer Mr. Appliance franchisees. Mr. Appliance has been informed that Defendants are using the Mr. Appliance name, trademarks, and even collecting money under the name "Mr. Appliance."

16. Even as recently as October 23, 2020 a customer has complained to Mr. Appliance that she is waiting for Mr. Appliance's technician to come back and fix her dryer. She has stated that the technician – whom she identifies with and associates as a Mr. Appliance technician – has been ignoring her calls. When informed that Mr. Appliance did not have a franchise owner in that area, she responded back that the Mr. Appliance technicians had been there twice and provided e-mails. Based on Defendants' actions, she accused Mr. Appliance of lying, scamming her, and threatened to report Mr. Appliance to the Better Business Bureau. The receipt provided shows that Mr. Appliance of Central MA – Defendants' former franchise – is the one holding itself out as a Mr. Appliance.

18. Additionally, on the website https://www.yelp.com/biz/mr-appliance-of-central-ma-sutton-8, there are reviews for work performed by Defendants – purportedly as Mr. Appliance – post-termination of the Franchise Agreement. Defendants are also still utilizing the Mr. Appliance e-mail

address to communicate with customers. Post termination, Defendants have sent e-mails representing themselves as being affiliated with Mr. Appliance.

19. These advertisements and work were conducted without authorization from Mr. Appliance. Defendants' actions are harming Mr. Appliance's business, name, and reputation. Moreover, Defendants are passing off their inferior services as Mr. Appliance, causing harm to Mr. Appliance's brand and goodwill associated thereto.

20. Additionally, Defendants owe Mr. Appliance in excess of $100,000 based on their breach of contractual obligations

## CAUSES OF ACTION

### Count 1—Against All Defendants
### Federal Unfair Competition
### (15 USC § 1125(a))

21. Paragraphs 1-20 are incorporated by reference as if fully set forth herein.

22. Mr. Appliance owns all right, title, and interest in the Mr. Appliance® trademark, including U.S. Trademark Registration No. 2176306 in connection with the installation and repair of appliances. This mark was registered on July 28, 1998. This '306 registration is valid and subsisting and is incontestable.

23. Mr. Appliance owns all right, title, and interest in the Mr. Appliance Expert Appliance Repair (and design)® trademark, including U.S. Trademark Registration No. 2156331 in connection with the installation and repair of appliances. This mark was registered on May 12, 1998. This '331 registration is valid and subsisting and is incontestable.

24. Mr. Appliance owns all right, title, and interest in the Mr. Appliance Expert Appliance Repair (and van wrap design)® trademark, including U.S. Trademark Registration No. 3508434 in connection with the installation and repair of appliances. This mark was registered on September 30, 2008. This '434 registration is valid and subsisting and is incontestable.

25. Mr. Appliance owns all right, title, and interest in the Mr. Appliance® trademark, including U.S. Trademark Registration No. 3243397 in connection with the installation and repair of appliances. This mark was registered on May 22, 2007. This '397 registration is valid and subsisting and is incontestable.

26. Mr. Appliance owns all right, title, and interest in the Mr. Appliance® trademark, including U.S. Trademark Registration No. 2303149 in connection with the installation and repair of appliances. This mark was registered on December 28, 1999. This '149 registration is valid and subsisting and is incontestable.

27. Mr. Appliance owns all right, title, and interest in the trademarks, including U.S. Trademark Registration Numbers 2176306, 2156331, 3508434, 3243397, and 2303149. These registrations are valid and subsisting and is incontestable within the meaning of 15 U.S.C. § 1065.

28. Defendants have deliberately and willfully attempted to trade on Mr. Appliance's longstanding and hard-earned reputation and goodwill, including in connection with its trademarks, by passing off their products and services as those of Mr. Appliance and by diverting customers seeking Mr. Appliance to their competing business.

29. Defendants divert customers who seek the quality and value promised by the Mr. Appliance brand to their competing business, which does not offer quality on par with Mr. Appliance standards. Defendants thereby pass off inferior services as affiliated with Mr. Appliance, unlawfully appropriating the goodwill associated with and claim sponsorship of Mr. Appliance business, causing likely and actual consumer confusion, and irreparably harming Mr. Appliance's reputation in the marketplace. The foregoing allegations are specifically identified by Plaintiff under FRCP 11 (b)(3), as likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery in this case.

30. Defendants' conduct as described above has also deprived and will continue to deprive Mr. Appliance of the ability to control the consumer perception of its products and services offered under its trademarks, placing the valuable reputation and goodwill of Mr. Appliance in the hands of Defendants.

31. Defendants' conduct is likely to cause and in fact has caused confusion, mistake, and/or deception as to the affiliation, connection, and/or association of Defendants with Mr. Appliance in violation of the Lanham Act.

32. Defendants had direct and full knowledge of Mr. Appliance's prior use of and rights in its marks. The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

33. As a result of Defendants' conduct, Mr. Appliance has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by Mr. Appliance in its trademarks. Mr. Appliance is entitled to actual damages and statutory damages. Additionally, this continuing loss of goodwill cannot be properly calculated or remedied in terms of money damages, and constitutes irreparable harm and an injury for which Mr. Appliance has no adequate remedy at law. Mr. Appliance will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## Count 2—Against All Defendants
## Unfair Competition

34. Paragraphs 1-20 are incorporated by reference as if fully set forth herein.

35. The acts and conduct of Defendants as alleged above in this Complaint constitute unfair competition pursuant to Texas law, including through the passing off Defendants products and services as those of Mr. Appliance and by diverting customers seeking Mr. Appliance to their competing business.

36. Defendants' acts and conduct as alleged has caused Mr. Appliance commercial damage, as well as the continuing loss of the goodwill and reputation. This continuing loss of goodwill cannot be properly calculated or remedied in terms of money damages, and constitutes irreparable harm and an injury for which Mr. Appliance has no adequate remedy at law. Mr. Appliance will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

**Count 3—Against All Defendants
Infringement of Federally Registered Trademarks
(15 USC § 1114(1), 1116(d), 1117(a))**

37. Paragraphs 1-20 are incorporated by reference as if fully set forth herein.

38. Mr. Appliance owns all right, title, and interest in the Mr. Appliance® trademark, including U.S. Trademark Registration No. 2176306 in connection with the installation and repair of appliances. This mark was registered on July 28, 1998. This '306 registration is valid and subsisting and is incontestable.

39. Mr. Appliance owns all right, title, and interest in the Mr. Appliance Expert Appliance Repair (and design)® trademark, including U.S. Trademark Registration No. 2156331 in connection with the installation and repair of appliances. This mark was registered on May 12, 1998. This '331 registration is valid and subsisting and is incontestable.

40. Mr. Appliance owns all right, title, and interest in the Mr. Appliance Expert Appliance Repair (and van wrap design)® trademark, including U.S. Trademark Registration No. 3508434 in connection with the installation and repair of appliances. This mark was registered on September 30, 2008. This '434 registration is valid and subsisting and is incontestable.

41. Mr. Appliance owns all right, title, and interest in the Mr. Appliance® trademark, including U.S. Trademark Registration No. 3243397 in connection with the installation and repair of appliances. This mark was registered on May 22, 2007. This '397 registration is valid and subsisting and is incontestable.

42. Mr. Appliance owns all right, title, and interest in the Mr. Appliance® trademark, including U.S. Trademark Registration No. 2303149 in connection with the installation and repair of appliances. This mark was registered on December 28, 1999. This '149 registration is valid and subsisting and is incontestable.

43. Mr. Appliance owns all right, title, and interest in the trademarks, including U.S. Trademark Registration Numbers 2176306, 2156331, 3508434, 3243397, and 2303149. These registrations are valid and subsisting and is incontestable within the meaning of 15 U.S.C. § 1065.

44. Defendants have used Mr. Appliance's '306, '331, '434, '397, and '149 marks in a manner that is likely to cause, and in fact has caused, confusion, mistake, and/or deception as to the affiliation, connection, and/or association of Defendants with Mr. Appliance. Defendants' actions are likely to lead the public to conclude, incorrectly, that its goods or services originate with or are authorized and sponsored by Mr. Appliance, which will damage both Mr. Appliance and the public. Upon information and belief, Defendants have advertised and offered their goods for sale using the MR. APPLIANCE marks with the intention of misleading, deceiving, or confusing persons as to the original of their goods and services, and of trading on Mr. Appliance's reputation and goodwill.

45. Mr. Appliance has requested in writing that Defendants cease and desist from their infringing actions, but Defendants have refused to stop.

46. Defendants had both actual and constructive knowledge of the above-referenced trademarks. Defendants adopted, used, and continue to use in commerce Mr. Appliance's federally registered trademarks with full knowledge that their use was infringing. Defendants' actions constitute knowing, deliberate, and willful infringement of Mr. Appliance's federally registered marks. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

47. As a result of Defendants' infringement, Mr. Appliance has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Mr. Appliance in its federally registered marks. Mr. Appliance is entitled to actual damages and statutory damages. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Mr. Appliance has no adequate remedy at law. Mr. Appliance will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

48. Defendants' actions also constitute a violation of 15 U.S.C. § 1116(d) in that Defendants are utilizing counterfeit marks in connection with the sale, offering for sale, or distribution of goods or services. As holdover franchisees, Defendants are passing off their marks as "Mr. Appliance" marks without authorization. Defendants' violation of this provision entitles Mr. Appliance to statutory damages pursuant to 15 U.S.C. § 1117(c) and treble damages pursuant to § 1117(b).

### Count 4—Against All Defendants
### Breach of Contract

49. Paragraphs 1-20 are incorporated by reference as if fully set forth herein.

50. Plaintiff entered into a valid and enforceable agreement with Defendants.

51. Defendants have breached their obligations to Mr. Appliance under the Franchise agreement, including their obligations:

- Not to use Mr. Appliance's trademark, and other Marks used in connection with the franchise, used other than as allowed in the Franchise Agreement—including no use for the benefit of any business other than the Franchise. Franchise Agreement § 6.1 – 6.4; Confidentiality Agreement § 2.

- Not engage, participate, or derive any benefit from a competitive business. Franchise Agreement § 9.3; Confidentiality Agreement § 5.

- Not divert or solicit any customer, account or business from Franchisor or any other franchisee. Franchise Agreement § 9.3.1.5; Confidentiality Agreement § 2.

- To pay royalties, minimums and advertising fees for a term of ten years. Franchise Agreement §§ 1.1, 3, 12.1.5.

- To report royalties on a weekly basis Franchise Agreement § 3.3.

- To pay 12% interest on all late payments. Franchise Agreement § 3.8, Exhibit 1B.

52. All conditions precedent to Plaintiff's right to bring this action and recover the requested relief has been performed, have occurred or been waived.

53. As a direct and proximate result of the Defendants' breaches, Plaintiff has suffered and will continue to suffer, damages in excess of the minimum jurisdictional limits of this Court, although such damages are not readily ascertainable or measureable.

## Count 5—Request for Injunctive Relief

54. Paragraphs 1-20 are incorporated by reference as if fully set forth herein.

55. Mr. Appliance seeks a preliminary injunction. Mr. Appliance will likely suffer irreparable injury if Defendants are not enjoined while this suit is pending. There is no adequate remedy at law. As set forth above, given Defendants' conduct and blatant violations of the Franchise Agreement and the covenant not to compete contained therein, there is a substantial likelihood that Mr. Appliance will prevail on the merits. The harm faced by Mr. Appliance outweighs any harm that would be sustained by Defendants if the preliminary injunction were granted. Issuance of a preliminary injunction would not adversely affect the public interest. Mr. Appliance is willing to post a bond in the amount the Court deems appropriate.

56. Mr. Appliance seeks a permanent injunction. Mr. Appliance asks the Court to set its application for injunctive relief for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against Defendants.

## **PRAYER FOR RELIEF**

FOR THESE REASONS, Mr. Appliance prays for an Order and Judgment as follows:

1. Entry of an order (on a preliminary and permanent basis) requiring that Defendants and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from:

   (a) Using in any manner any Mr. Appliance trademark, or any name, mark or domain name that wholly incorporates the trademarks described herein, or is confusingly similar to or a colorable imitation of these marks;

   (b) Using or displaying the word Mr. Appliance on any websites, products, or promotional materials in any false and/or deceptive manner;

   (c) Doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or prospective customers of Mr. Appliance products or services; and

   (d) Engaging in any further acts of infringement, or any other unlawful conduct, as alleged herein.

2. Entry of an order, on a permanent basis, requiring that Defendants and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from engaging in, participating in, or deriving any benefit from any business that competes with the Mr. Appliance franchise business and from diverting or soliciting any customer, account or business from the Mr. Appliance franchise business to any competing business.

3. Directing Defendants to provide an accounting of profits made by Defendants as a result of Defendants' unlawful conduct;

4. Ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon within thirty (30) days after entry of the injunction a written report under oath describing in detail the manner and form in which Defendants have complied with the injunction, including ceasing all offering of services under Mr. Appliance's name and marks as set forth above;

5. Ordering Defendants to pay a judgment in the amount of Mr. Appliance's actual damages under 15 U.S.C. § 1117 and state law, as well as Defendants' profits, and pre- and post-judgment interest pursuant to 15 U.S.C. § 1117, in an amount to be proven at trial;

6. Alternatively and additionally, ordering Defendants to pay Mr. Appliance statutory damages at Mr. Appliance's election;

7. Ordering Defendants to pay Mr. Appliance's reasonable attorneys' fees and costs of this action under 15 U.S.C. § 1117 and/or state law;

8. Ordering Defendants to pay a judgment for enhanced damages under 15 U.S.C. § 1117 and punitive damages under state law as appropriate; and

9. Granting Mr. Appliance such other and further relief as the Court deems just and proper.

Dated: November 23, 2020

Respectfully submitted,

*/s/Jim Dunnam*
JIM DUNNAM
State Bar No. 06258010
jimdunnam@dunnamlaw.com
ANDREA MEHTA
State Bar No. 24078992
andreamehta@dunnamlaw.com
DUNNAM & DUNNAM LLP
4125 West Waco Drive
Waco, TX 76710
(254) 753-6437 Telephone
(254) 753-7434 Facsimile

**ATTORNEYS FOR PLAINTIFF**